# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                Case No. 3:22-cr-26-TJC-LLL

THELONIOUS WAYNE KIRBY

## O R D E R

This case is before the Court on Defendant Thelonious Kirby's Motion to Dismiss the Indictment. (Doc. 22). The government filed a response in opposition. (Doc. 23). Kirby is charged with a single count of knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). Kirby asserts three arguments for dismissal: (1) that § 922(g)(1) unconstitutionally infringes on Kirby's Second Amendment right, (2) that § 922(g)(1) exceeds Congress's authority under the Commerce Clause, and (3) that the government violated Kirby's due process and speedy trial rights by delaying in charging Kirby. (Doc. 22 at 1–2). The Court addresses each issue in turn.

### I. SECOND AMENDMENT

Section 922(g)(1) directs that:

> (g) It shall be unlawful for any person— (1)who has been convicted in any court of, a crime punishable by imprisonment for a term

> exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

§ 922(g)(1) (emphasis added). Kirby argues that § 922(g)(1) violates the Second Amendment, which reads:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. CONST. amend. II. In 2008, the United States Supreme Court in District of Columbia v. Heller held that the Second Amendment protects an individual's right to possess a firearm for traditionally lawful purposes. 554 U.S. 570, 624–625 (2008). The Court explained that the Second Amendment right is not unlimited but held that the District of Columbia's ban on handgun possession in the home was unconstitutional. Id. at 626–27, 635–36. To reach its conclusion, the Court examined the history of the Second Amendment to glean the original understanding of the Second Amendment. Id. at 624–626.

After Heller, the circuit courts of appeal developed a two-step process to assess Second Amendment claims. The first step asked whether the challenged law fell outside the scope of the Second Amendment. See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2126 (2022). If it did, the inquiry ended there. Id. But if the conduct fell under the Second Amendment, courts would then analyze "how close the law comes to the core of the Second

2

Amendment right and the severity of the law's burden on that right." Id. In 2022, in Bruen, the Supreme Court rejected this two-step approach. Id. at 2127. The Court held that the first step was proper, but the second step of the two-step analysis was inappropriate. Id. Bruen required a one-step approach: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Id. Bruen, despite changing the Second Amendment landscape, did not overrule Heller. See id. ("Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context."); id. at 2131 ("The test that we set forth in Heller and apply today . . . .").

Kirby argues that § 922(g)(1) is not part of the Second Amendment's historical tradition. (Doc. 22 at 3–12). Specifically, Kirby argues that he falls under the historical category of people with rights under the Second Amendment and that the government cannot show a historical tradition supporting a lifetime permanent revocation of a person's right to keep and bear arms. Id. In Heller, the Supreme Court, while it did not consider § 922(g)(1), did state:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions

3

> on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Heller, 554 U.S. at 626–27 (emphasis added). The Supreme Court stated that these regulatory measures were "presumptively lawful." Id. at 627 n.26. Although most have not considered challenges post-Bruen, after Heller, every circuit court of appeal upheld the facial constitutionality of § 922(g)(1). Folajtar v. Att'y Gen. of the United States, 980 F.3d 897, 901 (3d Cir. 2020) (collecting cases), cert. denied sub nom. Folajtar v. Garland, 209 L. Ed. 2d 546, 141 S. Ct. 2511 (2021). In 2010, the Eleventh Circuit did the same. See United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010) ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."); cf. United States v. White, 593 F.3d 1199, 1205 (11th Cir. 2010) (recognizing § 922(g)(1) as "presumptively lawful").

In Rozier, the Eleventh Circuit did not discuss the second "means end scrutiny" step of the now overturned two-step test. Indeed, the Eleventh Circuit had not yet adopted the two-step test when Rozier was decided. See GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1260 n.34 (11th Cir. 2012) ("Like our sister circuits, we believe a two-step inquiry is appropriate . . . ."),

4

abrogated by Bruen, 142 S. Ct. 2111 (2022). Instead, in Rozier, the Eleventh Circuit found that § 922(g)(1) was a "constitutional avenue to restrict the Second Amendment right of certain classes of people." Rozier, 598 F.3d at 771. The Eleventh Circuit relied heavily on Heller's statement that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . ." and other similar declarations. See Rozier, 598 F.3d at 770–72 (quoting Heller, 554 U.S. at 626).

> Rozier argues that this language in Heller is merely dicta and we should not give it full weight of authority. First, to the extent that this portion of Heller limits the Court's opinion to possession of firearms by law-abiding and qualified individuals, it is not dicta. See Denno v. Sch. Bd. of Volusia Cty., Fla., 218 F.3d 1267, 1283 (11th Cir. 2000) ("Dictum may be defined as a statement not necessary to the decision and having no binding effect." (emphasis added)). Second, to the extent that this statement is superfluous to the central holding of Heller, we shall still give it considerable weight. See Peterson v. BMI Refractories, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997) ("[D]icta from the Supreme Court is not something to be lightly cast aside.")

Id. at 771 n.6.

This Court remains bound by Rozier. See Garrett v. Univ. of Alabama at Birmingham Bd. of Trustees, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."); cf. United States, v. Hunter, No. 1:22-cr-84-RDP-NAD-1, 2022 WL 17640254, at *1 (N.D. Ala. Dec. 13, 2022) ("Because Rozier has not been clearly overruled or

5

undermined to the point of abrogation [by Bruen], this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment."); United States v. Williams, No. 1:21-cr-00362-LMM-LTW-1, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) ("[T]he Court concludes that Rozier remains controlling precedent in this circuit . . . . [I]t is not for the Court to decide whether Bruen may ultimately be held to abrogate Rozier . . . .").

Even if the Court was not bound by Rozier, the government offers evidence that § 922(g)(1) is part of the historical tradition of the Second Amendment. See (Doc. 23 at 10–14) (collecting sources and cases); Folajtar, 980 F.3d at 904–05 (discussing the extensive historical tradition of § 922(g)(1)). Other courts have reached the same conclusion post-Bruen. See e.g., United States v. Tucker, No. 2:22-CR-00017, 2023 WL 205300, at *2 (S.D. W. Va. Jan. 17, 2023); United States v. Garrett, No. 18 CR 880, 2023 WL 157961, at *2–4 (N.D. Ill. Jan. 11, 2023); United States v. Mitchell, No. 1:22-cr-00111, 2022 WL 17492259, at *1 (S.D. Ala. Nov. 17, 2022); United States v. Carpenter, No. 1:21-CR-00086-DBB, 2022 WL 16855533, at *3 (D. Utah Nov. 10, 2022); United States v. Butts, No. CR 22-33-M-DWM, 2022 WL 16553037, at *4 (D. Mont. Oct. 31, 2022); United States v. Minter, No. 3:22-CR-135, 2022 WL 10662252, at *7 (M.D. Pa. Oct. 18, 2022) (collecting cases); United States v. Collette, No. MO:22-CR-00141-DC, 2022 WL 4476790, at *7–8 (W.D. Tex. Sept. 25, 2022); United States v. Cockerham, No. 5:21-CR-6-DCB-FKB, 2022 WL 4229314, at *2 (S.D.

6

Miss. Sept. 13, 2022); cf. United States v. Gonzalez, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (granting counsel's motion to withdraw and stating that a constitutional challenge of § 922(g)(1) would be frivolous).[1]

## II. COMMERCE CLAUSE

Kirby also argues that § 922(g)(1) violates the Commerce Clause of the United States Constitution. (Doc. 22 at 12–15). Kirby brings both facial and as-applied challenges. Id. Kirby acknowledges that this Court is bound by Eleventh Circuit precedent rejecting both facial and as-applied challenges to § 922(g)(1) on this ground. Id. at 15; see United States v. Wright, 607 F.3d 708, 715–16 (11th Cir. 2010) (rejecting both a facial and an as-applied challenge to § 922(g)(1)); United States v. Scott, 263 F.3d 1270, 1271–74 (11th Cir. 2001) (same).

## III. DELAY

Finally, Kirby argues that his due process rights have been violated because the government unreasonably delayed in bringing charges against him.

---

[1] A panel of the Third Circuit also recently upheld the constitutionality of § 922(g)(1) post-Bruen; however, the Third Circuit has now vacated that opinion and will hear the case en banc. Range v. Att'y Gen. United States, 53 F.4th 262, 285 (3d Cir. 2022), opinion vacated and rehearing en banc granted, 56 F.4th 992 (2023). The Fifth Circuit also recently held that § 922(g)(8), relating to the disarmament of individuals "once a court finds, after notice and a hearing, that the individual poses a 'credible threat' to an intimate partner or her child and enters a restraining order to that effect," was unconstitutional under Bruen. United States v. Rahimi, No. 21-11001, 2023 WL 1459240, at *6–10 (5th Cir. Feb. 2, 2023).

7

(Doc. 22 at 15–18). "To prove a due process violation resulting from a pre-indictment delay, [the defendant] must show: (1) actual prejudice to their defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage." United States v. Thomas, 62 F.3d 1332, 1339 (11th Cir. 1995) (citations omitted); United States v. Marshall, 360 F. App'x 24, 25 (11th Cir. 2010).[2] "When the statute of limitations is constitutional, the Constitution places a very heavy burden on a defendant to show that pre-indictment delay has offended due process." Stoner v. Graddick, 751 F.2d 1535, 1540 (11th Cir. 1985) (emphasis added).

On April 25, 2020, Jacksonville Sheriff's Office (JSO) arrested Kirby for possession of controlled substances. (Doc. 22 at 16). Kirby was also charged with possession of a firearm by a convicted felon. Id. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) took possession of the evidence regarding Kirby's arrest, but Kirby was never federally indicted for this incident. See id. at 17–18. On October 28, 2020, Kirby was alleged to have sold a firearm to an undercover agent, the basis of this case. Id. at 17. On November 2, 2020, Kirby was taken into state custody on unrelated battery charges. Id. On November 18, 2021, ATF took possession of the evidence for the October 28, 2020 incident.

---

[2] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

8

Id. The government did not file its indictment in this case until March 9, 2022. Id. at 18. Kirby argues that the pre-indictment delay prejudiced Kirby by depriving him of "the opportunity to resolve all of his cases in a single judgment, [which] added additional criminal history points, and makes more complex the determination of the place and manner of the sentence." Id. Additionally, Kirby states, "this delay has meant that it is more difficult to find witnesses who may have known about the circumstances of the cases." Id.

The government responds, arguing that it was within its discretion to not indict Kirby for the April 25, 2020 incident, and Kirby has offered no reason why the government's failure to indict on this incident gave the government a tactical advantage. (Doc. 23 at 14–16). The Court agrees. The Court does not see any prejudice or tactical advantage arising from the government's decision to not indict Kirby for the April 25, 2020 incident. The government further argues that Kirby has not met his burden to show prejudice for the pre-indictment delay between the October 28, 2020 incident and March 9, 2022, the date of indictment. Id. Kirby has not met his heavy burden to show prejudice. Kirby does not explain what witnesses he would seek or why the delay made finding those witnesses more difficult. Further, even assuming Kirby had met his burden to show prejudice, he has not alleged any facts showing that the delay resulted from a deliberate design by the government to gain a tactical advantage.

9

## IV. CONCLUSION

Kirby's Motion to Dismiss the Indictment is due to be denied because § 922(g)(1) does not violate the Second Amendment or the Commerce Clause. Further, Kirby has not met his burden to show actual prejudice as a result of the government's pre-indictment delay or that the government deliberately delayed to gain a tactical advantage. Accordingly, it is hereby

**ORDERED:**

Defendant Thelonious Kirby's Motion to Dismiss the Indictment (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of February, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Frank Merrill Talbot, II, AUSA
Lisa Call, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant